UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGENCY CENTERS
CORPORATION,

       Plaintiff,

vs.                                  Case No.

INDIAN HARBOR INSURANCE
COMPANY,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Regency Centers Corporation ("Plaintiff" or "Regency Centers"), sues Defendant, Indian Harbor Insurance Company ("Defendant" or "Indian Harbor"), and alleges as follows:

## INTRODUCTION

1. This action involves an insurance coverage dispute regarding an Environmental Real Estate Portfolio Policy, Pollution and Remediation Legal Liability Policy No. PEC004659102 (the "Policy"), that Plaintiff Regency Centers, as the insured, purchased from Defendant Indian Harbor, as the insurer. The dispute arises after Plaintiff Regency Center made a claim under the Policy for pollution conditions discovered at one of its properties, which Defendant Indian Harbor denied, alleging the claim was subject to two Policy exclusions.

4858-9653-6496.5

## PARTIES

2.    Plaintiff Regency Centers is a Florida corporation, with its principal address in Jacksonville, Duval County, Florida.

3.    Defendant Indian Harbor is a Delaware corporation authorized and engaged in the conduct of insurance business in Florida, including in Jacksonville, Florida, where it sold and delivered the Policy to Plaintiff Regency Centers.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff Regency Centers and Defendant Indian Harbor, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff Regency Centers is domiciled and does business in this judicial district, Defendant Indian Harbor does business in this judicial district, and "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

6.    Venue lies in this Division under Local Rule 1.04(b) because this action is most directly connected to and most conveniently advanced in this Division.

4858-9653-6496.5

7.      Florida law governs the Policy because the Policy was delivered to, and accepted by, Plaintiff Regency Centers in Jacksonville, Florida.

## FACTS

### Purchase and Execution of the Policy

8.      Plaintiff Regency Centers applied for and purchased the Policy for the policy period of October 1, 2021, to October 1, 2024, from its place of domicile in Jacksonville, Florida, from the insurer Defendant Indian Harbor, which Policy was administered by Defendant Indian Harbor's agent XL. A true and correct copy of the Policy is attached as **Exhibit A**.

9.      The Policy was delivered to and accepted by Plaintiff Regency Centers in Jacksonville, Florida.

10.     In addition, all material communications related to the Policy prior to and following its execution were sent from Defendant Indian Harbor and/or its agent XL to Plaintiff Regency Centers in Jacksonville, Florida.

11.     At all times material, XL operated as Defendant Indian Harbor's agent related to the Policy, Defendant Indian Harbor acknowledged that XL operated as its agent related to the Policy, XL accepted such undertaking to act as Defendant Indian Harbor's agent related to the Policy, and Defendant Indian Harbor approved XL's actions related to the Policy.

3

4858-9653-6496.5

**The Policy's Coverage**

12.     The Policy provides coverage that Defendant Indian Harbor "will pay on [Plaintiff Regency Center's] . . . behalf for Pollution Loss, as a result of a Pollution Condition on, at, under or migrating from" certain of Regency's locations "that first commenced on or after the Retroactive Date, if applicable, and first commenced prior to the Reverse Retroactive Date, if applicable, provided that:

    a.  (i) the Pollution Condition results in a Claim; (ii) the Claim is for Pollution Loss that you become legally obligated to pay; and (iii) the Claim is first made during the Policy Period and reported to us, in writing, during the Policy Period, or, where applicable, the Extended Reporting Period; or

    b.   the Pollution Condition is first discovered by you during the Policy Period and reported to us, in writing, during the Policy Period, or, where applicable, the Extended Reporting Period."

*See* Ex. A, Policy § 1.A.

**The Claim**

13.     In compliance with the Policy, on or about December 28, 2022, Plaintiff Regency "provid[ed] notice of discovery of a Pollution Condition that could give rise to a claim under the . . . Policy. Specifically, Tetrachloroethene

4

("PERC") and other chlorinated solvents [were] . . . discovered beneath the insured location (the Blossom Valley Shopping Center, 1710 Miramonte Avenue 809 Cuesta Dr., Mountain View, CA)" ("Blossom Valley Shopping Center") (collectively, the "Claim"). A true and correct copy of the Claim, excluding the attachments that involve private reports which Defendant Indian Harbor already has and which can be filed for the Court's review as necessary under seal or redacted, is attached as **Exhibit B**.

14.    Blossom Valley Shopping Center is a covered "Your Location" of real property under the Policy. Ex. A, Policy § 2.HH, Endrsmnt. #001.

15.    As detailed in the Claim, in late 2021, Plaintiff Regency Centers was in lease discussions with its tenant CVS at the Blossom Valley Shopping Center related to CVS' interest in expanding its leased storefront space into an adjacent vacant storefront space.  *See* Ex. B, Claim.

16.    CVS was aware that the vacant space in question had previously been used by a dry cleaner tenant, Blossom Valley Cleaners, and requested Plaintiff Regency Centers provide confirmation that conditions in the space would not pose an environmental risk to human health. *Id.*

17.    As a result of CVS' requests, Plaintiff Regency Centers installed ground water sampling points, and took soil gas samples and exterior soil gas samples in the vicinity of the vacant storefront in question, which detected

5

Tetrachloroethene ("PERC") and other chlorinated solvents, which are Pollution Conditions covered under the Policy. *Id.*; Ex. A, Policy § 2.X.

### The Dispute as to Coverage Under the Policy

18.     On or about May 15, 2023, Defendant Indian Harbor through its agent, XL, provided Plaintiff Regency Centers with notice of its denial of coverage of the Claim. A true and correct copy of the Denial of Coverage is attached as **Exhibit C**.

19.     Additional correspondence between the parties on June 28, 2023, July 19, 2023, September 6, 2023, and September 20, 2023, further detail Plaintiff Regency Center's Claim and Defendant Indian Harbor's denial of the Claim. This correspondence, excluding the attachments that involve private reports which Defendant Indian Harbor already has and which can be filed for the Court's review as necessary under seal or redacted, is attached as **Composite Exhibit D**.

20.     Defendant Indian Harbor cited two (2) bases for its denial of coverage: (1) Policy Endorsement #036 (Site Development and Construction Activities Exclusion – Blanket Pollutants in Disclosed Documents), and (2) Policy Endorsement #032 (Known Circumstances or Conditions Exclusion Amendment & Disclosed Document Schedule). Ex. C, Denial; Ex. A, Policy, Endrsmnts. ##032, 036; Comp. Ex. D.

4858-9653-6496.5

21.    The first alleged basis for denial was the Site Development and Construction Activities Exclusion, Endorsement #036, which exclusion provides:

**ENDORSEMENT #036**

This endorsement, effective 12:01 a.m., October 1, 2021, forms a part of

Policy No. PEC004659102 issued to REGENCY CENTERS CORPORATION

by Indian Harbor Insurance Company.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**SITE DEVELOPMENT AND CONSTRUCTION ACTIVITIES EXCLUSION – BLANKET POLLUTANTS IN DISCLOSED DOCUMENTS**

This endorsement modifies insurance provided under the following:

POLLUTION AND REMEDIATION LEGAL LIABILITY POLICY

It is agreed that this Policy is amended as follows:

SECTION IV - EXCLUSIONS, is amended to include the following:

**Site Development and Construction Activities**
any site development or construction activities, including but not limited to:

1.    geotechnical or any other site investigations performed in preparation for any site development or construction;

2.    site grading;

3.    razing and/or construction of any structures;

4.    removal and/or disposal of any soil or other debris; or

5.    dewatering.

This exclusion applies to any **Pollutants**, including any breakdown daughter or derivative products of such **Pollutants**, described in the documents listed in the Known Circumstances or Conditions Exclusion Amendment & Disclosed Document Schedule endorsed onto this Policy, in or affecting all Media where such **Pollutants** is on, at, under or migrating from any location listed in the Your Location(s) Schedule endorsed onto this Policy.

This exclusion does not apply to any **Bodily Injury**, **Property Damage**, **Legal Expense** associated with **Bodily Injury** or **Property Damage** and coverage afforded under SECTION II – SUPPLEMENTAL COVERAGES.

All other terms and conditions remain the same.

Ex. A, Policy, Endrsmnt. #036.

22.    The Site Development and Construction Activities Exclusion, however, does not apply because the sampling/testing done by Plaintiff Regency Centers was not done for purposes of any construction or site development as required for Endorsement #036 to exclude coverage of the Claim.

7

23.  Instead, the sampling/testing done by Plaintiff Regency Centers was performed at the request of a tenant/potential tenant to determine the safety of the existing space, making the exclusion inapplicable under a plain reading of the language of Endorsement #036. Ex. A, Policy, Endrsmnt. #036.

24.  The second alleged basis for denial was the Known Circumstances or Conditions Exclusion Amendment & Disclosed Document Schedule, Endorsement #032, which exclusion provides:

**ENDORSEMENT #032**

This endorsement, effective 12:01 a.m., October 1, 2021, forms a part of

Policy No. PEC004659102 issued to REGENCY CENTERS CORPORATION

by Indian Harbor Insurance Company.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**KNOWN CIRCUMSTANCES OR CONDITIONS EXCLUSION AMENDMENT
AND DISCLOSED DOCUMENT SCHEDULE**

This endorsement modifies insurance provided under the following:

POLLUTION AND REMEDIATION LEGAL LIABILITY POLICY

It is agreed that this Policy is amended as follows:

SECTION IV - EXCLUSIONS, I. Known Circumstances or Conditions, is amended to include the following:

Only conditions described in the documents listed in the Disclosed Document Schedule below are considered disclosed to us for the purpose of this exclusion.

Disclosed Document Schedule:

. . .

| | |
|---|---|
| Blossom Valley<br>1710 Miramonte at Cuesta<br>Mountain View, CA, 94040 | Environmental Site Assessment, Blossom Valley Center, Mountain View, CA, 5/10/1996, AllWest |
| | Case Closure, Shell Branded Service Station, Mountain View, CA, , 11/28/2011, CRA |
| | Fuel Tank Investigation Case Closure, 1/19/2012, Santa Clara County |
| | Remedial Action Certificate for Blossom Valley Dry Cleaners, mountain View, Santa Clara County, CA, 4/26/1996, California Regional Water Quality Board |
| | DRAFT Phase I ESA; APEX; 12/12/16 |

*Id.* at Endrsmnt. #032.

25.    Endorsement #032 amends the Known Circumstances Exclusion and lists the locations with known environmental conditions, which Known Circumstances Exclusions reads as follows:

**SECTION IV - EXCLUSIONS**

This Policy does not apply to any **Claim**, **Pollution Loss**, **Emergency Remediation Expense**, or any other coverage afforded under this Policy, including SECTION II – SUPPLEMENTAL COVERAGES, directly or indirectly based upon or arising out of:

. . .

I.    **Known Circumstances or Conditions**
   1.    a **Claim** for **Pollution Loss** or **Remediation Expense** reported to or known by a **Responsible Insured** prior to the inception of the **Policy Period**; or

   2.    any **Pollution Condition**, known by a **Responsible Insured** prior to the inception of the **Policy Period**, which was not identified by you in the statements, declarations and information contained in the Application for this Policy including any other supplemental materials submitted to us as part of the Application process prior to the inception of the **Policy Period** or prior to **Your Location** being endorsed onto this Policy; or

   3.    a circumstance or condition known by a **Responsible Insured** prior to the inception of the **Policy Period**, which was not identified by you in the statements, declarations and information contained in the Application for this Policy including any other supplemental materials submitted to us as part of the Application process prior to the inception of the **Policy Period** or prior to **Your Location** being endorsed onto this Policy, where the **Responsible Insured** should have reasonably foreseen that a Pollution Condition or a **Claim** for **Pollution Loss** would result, or **Remediation Expense** would be incurred.

Any **Pollution Condition** disclosed in writing to us prior to the inception of the **Policy Period** or prior to **Your Location** being endorsed onto this Policy and not otherwise excluded under this Policy is deemed to be first discovered on the date **Your Location** is endorsed onto this Policy.

Ex. A, Policy § 1I, Endrsmnt. #032.

26.    As written, the Known Circumstances Exclusion does not exclude Pollution Conditions known by the insured unless (a) the Pollution Condition was not identified to the insurer during the application process (or supplemental process) prior to the Policy inception, or (b) the insurer otherwise excluded the Pollution Condition under the Policy. In simple terms, the Known Circumstances

9

Exclusion required that Plaintiff Regency Centers identify to the Defendant Indian Harbor all prior Pollution Conditions known at the time of the Policy application, so that the Defendant Indian Harbor as part of its underwriting process could determine whether to exclude such from coverage under other provisions of the Policy, and if not so excluded, the disclosed Pollution Condition would be covered as though first disclosed on the date the location was endorsed onto the Policy.

27.    Consistent with the Known Circumstances Exclusion, Plaintiff Regency Centers disclosed to Defendant Indian Harbor the Blossom Valley Shopping Center and the dry cleaner condition prior to the Policy's inception, and the Policy did not otherwise then exclude this location and Pollution Condition from coverage under the Policy.

28.    More specifically, Endorsement #033 of the Policy identifies the list of locations and Known Conditions that Defendant Indian Harbor, after underwriting, excluded from coverage and future claims. Endorsement #033 provides the following introduction and then listed the disclosed locations and Pollution Conditions which the Defendant Indian Harbor, after its underwriting review, determined to exclude from coverage under the Policy.

4858-9653-6496.5

**ENDORSEMENT #033**

This endorsement, effective 12:01 a.m., October 1, 2021, forms a part of

Policy No. PEC004659102 issued to REGENCY CENTERS CORPORATION

by Indian Harbor Insurance Company.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**POLLUTION CONDITION EXCLUSION FOR MULTIPLE YOUR LOCATIONS**

This endorsement modifies insurance provided under the following:

POLLUTION AND REMEDIATION LEGAL LIABILITY POLICY

It is agreed that this Policy is amended as follows:

SECTION IV - EXCLUSIONS, is amended to include the following:

**Pollution Condition**

|  | in or affecting: | where such **Pollutants** or **Pollution Condition** is: |  | This exclusion does not apply to any: |
|---|---|---|---|---|

29.     While the Endorsement #033 list of excluded locations and Known Conditions included several locations with prior dry cleaner operations, the list did not identify Blossom Valley Shopping Center or the prior conditions related to dry cleaner use as an excluded location.   Ex. A, Policy, Endrsmnt. #033.

30.     Since Blossom Valley Shopping Center was disclosed in compliance with the Known Circumstances Exclusion, but then not included in the Endorsement #033 list of excluded locations and Known Conditions, the Claim is not excluded under the Known Circumstances Exclusion. *Id.*

31.     To the extent Defendant Indian Harbor denies coverage because Blossom Valley Shopping Center is included in the Endorsement #032 list of

11

4858-9653-6496.5

Known Conditions, Defendant Indian Harbor's interpretation is wrong because this list is only to identify all locations with Known Conditions disclosed by Plaintiff regency Centers so that Defendant Indian Harbor could consider whether to exclude from coverage. *Id.* at Endrsmnt. #032.

32.    Whether the disclosed Blossom Valley Shopping Center Known Condition and related Claim is excluded from coverage is instead determined by reference to Endorsement #033, which lists the locations and Known Conditions that Defendant Indian Harbor excluded from coverage, and again, Defendant Indian Harbor did not identify Blossom Valley Shopping Center on the excluded locations list. *Id.* at Endrsmnt. #033.

33.    As a result, neither Endorsement #036 nor Endorsement #032 of the Policy exclude coverage of the Claim, as Defendant Indian Harbor claims.

34.    Further, Defendant Indian Harbor asserted no other bases for its denial of coverage, nor does any other provision of the Policy exclude or bar coverage of the Claim.

35.    By reason of Indian Harbor's wrongful denial of coverage under the Policy, Plaintiff Regency Centers has been required to retain the undersigned counsel to represent it in this action and is obligated to pay counsel for their services.

4858-9653-6496.5

36.     Plaintiff Regency Centers is entitled to recover its fees and costs from the Defendant pursuant to Section 627.428, Florida Statutes (2021).

37.     All conditions precedent to the bringing of this action have occurred or been satisfied.

**COUNT I: DECLARATORY RELIEF
PURSUANT TO 28 U.S.C. §§ 2201 AND 2202**

38.      Plaintiff Regency Centers incorporates by reference the allegations of paragraphs 1 through 37.

39.     This count is brought pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure for declaratory judgment regarding the parties' rights, duties, and obligations under the Policy.

40.     This Court is authorized pursuant to 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction, . . . [to] declare the rights and other legal relations of any interested party seeking such declaration."

41.     An actual controversy exists between Plaintiff Regency Centers and Defendant Indian Harbor regarding the Policy coverage for the Claim, including the interpretation of Endorsements #036 and #032 of the Policy, the application of such endorsements to the facts of the Claim, and whether these exclusion endorsements bar coverage under the Policy for the Claim.

42.      Specifically, Plaintiff Regency Centers and Defendant Indian Harbor disagree whether the Site Development and Construction Activities Exclusion,

13

Endorsement #036, is applicable and justifies denial of the Claim when the sampling/testing done by Plaintiff Regency Centers was not done for purposes of any construction or site development activity but instead at the request of a tenant/potential tenant simply to determine the safety of existing space.

43.   Plaintiff Regency Centers and Defendant Indian Harbor also disagree whether the disclosure of Blossom Valley Shopping Center and its prior dry cleaner condition as a Known Condition in Endorsement #032 excluded it from coverage when it was not otherwise excluded under the Policy, including specifically by not identifying it as an excluded location on Endorsement #033 of the Policy.

44.   As a result, neither Endorsement #036 nor Endorsement #032 of the Policy exclude coverage of the Claim, as Defendant Indian Harbor claims.

45.   Further, Defendant Indian Harbor has not identified any other basis for its Denial of Coverage, nor does any other Policy provision support exclusion of coverage of the Claim under the Policy.

46.   Accordingly, Plaintiff Regency Centers seeks a judicial declaration and such other further relief, pursuant to 28 U.S.C. § 2201, *et seq.*, that:

a. Neither Endorsement #036 nor Endorsement #032 of the Policy exclude coverage of the Claim;

b. No other Policy provision excludes coverage of the Claim;

4858-9653-6496.5

c. Plaintiff Regency Centers is entitled to coverage of the Claim under the Policy; and

d. Plaintiff Regency Centers is entitled to further necessary or proper relief based on this declaratory judgment, including but not limited to, the damages Plaintiff Regency Centers has suffered and will continue to suffer by reason for Defendant Indian Harbor's wrongful denial of coverage under the Policy.

WHEREFORE, Plaintiff Regency Centers requests that the Court:

1. Enter a declaratory judgment declaring:

   a. Neither Endorsement #036 nor Endorsement #032 of the Policy exclude coverage of the Claim;

   b. No basis alleged in Defendant Indian Harbor's Denial of Coverage or other Policy provision exclude coverage of the Claim;

   c. Plaintiff Regency Centers is entitled to coverage of the Claim under the Policy; and

   d. Plaintiff Regency Centers is entitled to further necessary or proper relief based on this declaratory judgment, including but not limited to, its related damages for Defendant Indian Harbor's denial of coverage.

4858-9653-6496.5

2.  Award Plaintiff Regency Center its reasonable attorney's fees and costs incurred in this action pursuant to Section 627.428, Florida Statutes (2021);

3.  Award Plaintiff Regency Centers pre-judgment and post-judgment interest to the extent permitted by law; and

4.  Order such other and further necessary or proper relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

47.  Plaintiff Regency Centers incorporates by reference the allegations of paragraphs 1 through 37.

48.  The Policy is a valid and binding insurance policy and provides coverage of certain "Pollution Loss[es], as a result of a Pollution Condition on, at, under or migrating from" certain of Regency's locations.  *See* Ex. A, Policy § 1.A.

49.  Defendant Indian Harbor's denial of Plaintiff Regency Center's Claim is a breach of Defendant Indian Harbor's duties under the Policy, as Plaintiff Regency Centers has in fact incurred and will continue to incur covered losses payable by the Defendant Indian Harbor under the Policy.

50.  Plaintiff Regency Centers has and will suffer damages in excess of $75,000 in Jacksonville, Florida, where it is domiciled, as a result of Defendant Indian Harbor's breach of the Policy and denial of the Claim.

WHEREFORE, Plaintiff Regency Centers requests that the Court:

16

4858-9653-6496.5

1. Award damages in Plaintiff Regency Center's favor and against Defendant Indian Harbor for breach of the Policy in an amount Plaintiff Regency Centers is owed, plus pre-judgment and post-judgment interest to the extent permitted by law, and its reasonable attorney's fees and costs incurred in this action pursuant to Section 627.428, Florida Statutes (2021), and such other and further necessary or proper relief as the Court deems just and proper.

Dated this 1st day of May, 2024.

/s/ *John A. Tucker*
John A. Tucker
FL Bar No. 0356123
Emily Friend Horner
FL Bar No. 73042
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
Telephone:  904.359.2000
Facsimile:  904.359.8700
Primary Email: jtucker@foley.com
Secondary Email:
avwilliams@foley.com
Primary Email: ehorner@foley.com
Secondary Email: vmontejo@foley.com

*Attorneys for Plaintiff, Regency Centers Corporation*

4858-9653-6496.8